IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAYMOND DOUGLAS HARDY                                                                       PLAINTIFF

v.                                    Civil No. 1:24-cv-01062-SOH-BAB

JUDGE SPENCER SINGLETON;
CARLA GIBSON; and
PUBLIC DEFENDER ANDREW BEST                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, Raymond Douglas Hardy filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to Chief United States District Judge Susan O. Hickey. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

Plaintiff filed his original Complaint on September 16, 2024. (ECF No. 1). The Court

1

provisionally filed Plaintiff's Complaint and ordered him to submit a completed *in forma pauperis* ("IFP") Application. (ECF No. 3). Plaintiff filed his IFP Application on September 27, 2024, (ECF No. 5). Plaintiff was granted IFP status on October 15, 2024. (ECF No. 6).

In his Complaint, Plaintiff names Judge Spencer G. Singleton, Prosecuting Attorney Carla R. Gibson, and Public Defender Andrew Best as Defendants. (ECF No. 1, pp. 2-3). Plaintiff claims all three Defendants are illegally holding him incarcerated. *Id*. at 4-5. Plaintiff also claims Defendant Gibson is violating his due process rights by "obstruction of the law and holding me." *Id*. at 6. Plaintiff argues his "60th day" is being miscalculated. *Id.* Plaintiff also claims Defendant Gibson falsified his documents and criminal charges. *Id.* Finally, Plaintiff claims Defendant Best provided insufficient counsel as his public defender. *Id*. at 8.

Plaintiff alleges his claims against Defendants in both their individual and official capacities. *Id.* at 8. Plaintiff seeks both punitive and compensatory damages and injunctive relief. *Id.* at 9.

## II. APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Lastly, Defendants must have been personally involved and caused the violation alleged. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

First, the Court notes Plaintiff is challenging his imprisonment in his Complaint. Plaintiff may not use Section 1983 as a substitute for *habeas* relief, instead, he must pursue such claims through the proper avenue of 28 U.S.C. § 2254. *See e.g., Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence.") (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)).

Furthermore, even if Plaintiff stated cognizable Section 1983 claims in his Complaint, the Defendants named are improper defendants under Section 1983.

First, Judge Singleton enjoys complete judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (explaining the common law principle of judicial immunity was not abolished by Section 1983). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted).

Plaintiff did not allege Judge Singleton acted outside his jurisdiction. His only complaint is that Judge Singleton will not release him from jail based on an improper calculation of his days served. Clearly, determinations of release of a defendant in case pending before him, fall within Judge Singleton's normal judicial activity. *See Woodworth v. Hulshof*, 891 F.3d 1083, 1091 (explaining that judicial immunity applies if the act complained of is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity).

Next, Defendant Gibson, as prosecutor, also is immune from suit in her role as prosecutor for Union County, Arkansas. The Supreme Court established the absolute immunity of a prosecutor from a civil suit for damages under Section 1983 "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id*. at 430. Furthermore, immunity is not defeated by "[a]llegations of unethical conduct and improper motive in the performance of prosecutorial functions." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). "[A] prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (internal citations omitted).

Finally, Plaintiff's claim against Defendant Best, as a public defender, also fail as a matter of law. "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a Section 1983 violation." *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

Furthermore, all official capacity claims asserted by Plaintiff against all Defendants must fail as a matter of law. Under Section 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims. *Id.* To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Plaintiff did not allege any policy, procedure, or custom of Union County caused any of his complaints. Accordingly, Plaintiff has failed to state any official capacity claims against any Defendant.

## IV. CONCLUSION

For these reasons, it is recommended Plaintiff's Complaint (ECF No. 1) be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**Referral Status: Referral in this case should be terminated.**

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 7th day of November 2024.

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE